Filed 4/14/14  P. v. Laws CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B249705 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA008785) |
| BRIAN KEITH LAWS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Appeal dismissed.

Ann Krausz, under appointment by the Court of Appeal, for Appellant.

No appearance for Respondent.

Brian Keith Laws appeals from the denial of his motion to strike or modify a restitution order. The order denying his motion is not appealable. We dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

Laws was convicted by jury of first degree murder (Pen. Code § 187, subd. (a)[1]) and second degree robbery (§ 211). The jury found true special allegations that he had personally used a firearm as to both counts (§ 12022.5, subd. (a)). He was sentenced to state prison without the possibility of parole. The trial court ordered Laws to pay restitution of $7,500 pursuant to former Government Code section 13967. We affirmed his conviction in an unpublished opinion. (*People v. Laws* (June 30, 1994, B075311) [nonpub. opn.].)

In 2009, Laws filed a request in pro per that he be excused from paying restitution. The request was denied. In 2013, he filed a new motion to strike or modify the restitution order, citing *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, which ruled that where a sentence of life in prison without possibility of parole has been imposed, and a restitution fine imposed under section 1202.4, subdivision (b), a second restitution fine may not be imposed under section 1202.45. He also cited other authority regarding the handling of the State Restitution Fund and the bar on a restitution fine to reimburse public agencies for the costs of investigating and prosecuting crimes. He argued that a defendant's inability to pay may constitute compelling circumstances for waiver of a restitution fine. He asked the court to either strike the $7,500 restitution fine imposed under Government Code section 13967 or to reduce it to the minimum amount of $200. The motion was denied. Laws filed a timely appeal from that order.

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

2

**DISCUSSION**

We appointed counsel to represent Laws on appeal. Counsel filed an appellate brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442.) We advised Laws that he had 30 days within which to submit by brief or letter any contentions or arguments he wished this court to consider.

Laws filed a brief in pro. per., arguing the restitution fine was improper because the trial court failed to take into consideration his financial status, including ability to pay the fine. He claimed he had no income at the time of conviction, and had been incarcerated for over 20 years without a job with a pay number. At some point he was transferred to the California State Prison Lancaster, where he has a job making 13 cents per hour. He set out the various deductions taken from his prison pay. He attached an exhibit establishing his pay rate of 13 cents per hour in prison. He asked this court to reduce the amount of his restitution to zero, or to the statutory minimum of $200.

The order denying the motion to strike or modify the restitution fine is not separately appealable. The same issue was raised in *People v. Turrin* (2009) 176 Cal.App.4th 1200 (*Turrin*). In concluding that an order denying a motion to modify or reduce a restitution fine was not appealable, the court reasoned that execution of the defendant's sentence had begun. (*Id*. at p. 1205.) That is the case here. The defendant in *Turrin* had claimed there was insufficient evidence of his ability to pay the fines from his earnings while incarcerated or from earnings from employment after release. The Court of Appeal concluded the trial court had lost jurisdiction and had no statutory authority to recall the sentence on its own motion since section 1170, subdivision (d), requires the trial court to act within 120 days. (*Id*. at pp. 1204–1205.) The defendant did not seek correction of clerical error but instead claimed judicial error. (*Id*. at p. 1206.)

The *Turrin* court concluded: "A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citations] let alone in a motion to modify the same in the trial court after it has lost jurisdiction. Defendant is contesting the amount and propriety of an authorized order

3

of a restitution fine.  Section 1202.4, subdivision (b), authorized the amounts imposed here.  And defendant's motion raised a factual question about his ability to pay, not a pure question of law.  The unauthorized-sentence exception to loss of jurisdiction does not apply here." (*Id.* at p. 1207.)

The *Turrin* court dismissed the appeal:  "Section 1237, subdivision (b), provides that a defendant may appeal '[f]rom any order made after judgment, affecting the substantial rights of the party.'  Since the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order.  [Citation.]  The appeal should be dismissed.  [Citation.]" (*Turrin*, *supra*, 176 Cal.App.4th at p. 1208.)

The same reasoning applies here.  The restitution fine imposed here was under the $10,000 maximum of Government Code section 13967 as it read in 1991.[2]

Laws attempts to appeal from the court's denial of his postjudgment motion to strike or modify the restitution fine filed many years after he began serving his sentence.  Under the reasoning of *Turrin*, *supra*, 175 Cal.App.4th 1200, which we adopt, the order is not appealable.

---

[2] Former Government Code section 13967 provided in 1991:  "In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000).  In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime.  Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime.  Except as provided by Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section."

**DISPOSITION**

The appeal is dismissed.


                                             EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.